JS-6

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE TRUJILLO, an individual, | Case No. 5:21-cv-01873-JWH-SHKx |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER REMANDING ACTION TO STATE COURT [ECF NO. 20] AND DENYING DEFENDANTS' MOTION TO DISMISS AND STRIKE FIRST AMENDED COMPLAINT [ECF NO. 30]** |
| MORGAN TRUCK BODY, LLC. dba MORGAN CORPORATION, a Delaware limited liability company; THOMAS JORDAN an individual; and DOES 1 through 100, inclusive, | |
| Defendants. | |

Before the Court are two motions:  (1) the motion of Plaintiff Felipe Trujillo to remand the case to the Riverside County Superior Court;[1] and (2) the motion of Defendants Morgan Truck Body, LLC, d/b/a Morgan Corporation ("Morgan Truck Body") and Thomas Jordan to dismiss Trujillo's First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and, additionally, to strike it pursuant to Rule 12(f).[2]  The Court finds this matter appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support and in opposition,[3] the Court orders that the Motion to Remand is **GRANTED**, and the Motion to Dismiss is **DENIED as moot**, as set forth herein.

## I.  BACKGROUND

### A.   Factual Summary

As alleged in the Amended Complaint, Trujillo worked for Morgan Truck Body as a production associate, starting around January 2019.[4]  That May, Trujillo was involved in a work-related accident, which left him injured in his back, shoulder, and bicep.[5]  Trujillo notified his supervisors, as well as Jordan, of

---

[1]     Pl.'s Mot. for an Order Remanding Action to State Ct. (the "Motion to Remand") [ECF No. 20].

[2]     Defs.' Notice of Mot. to Dismiss and to Strike the First. Am. Compl. [ECF No. 30]; *see also* Defs.' Mem. of P. & A. in Supp. of the Motion to Dismiss ("Motion to Dismiss") [ECF No. 31]

[3]     The Court considered the following papers:  (1) Compl. (the "Complaint") [ECF No. 1-2]; (2) the Notice of Removal of Action Under 28 U.S.C. § 1441(b) (the "Removal Notice") [ECF No. 1]); (3) the Motion to Remand (including its attachments); (4) Def.'s Opp'n to the Motion to Remand (the "Remand Opposition") [ECF No. 21]; (5) First Am. Compl. (the "Amended Complaint") [ECF No. 25]; (6) Pl.'s Reply to Defs.' Opposition to Remand (the "Remand Reply") [ECF No. 28]; (7) the Motion to Dismiss (including its attachments); (8) Defs.' Suppl. Opp'n to the Motion to Remand ("Supplemental Remand Opposition") [ECF No. 36]; (9) Pl.'s Opp'n to the Motion to Dismiss (the "Dismiss Opposition") [ECF No. 38]; (10) Pl.'s Suppl. Reply in Supp. of the Motion to Remand (the "Supplemental Remand Reply") [ECF No. 41]; and (11) Defs.' Reply in Supp. of the Motion to Dismiss (the "Dismiss Reply") [ECF No. 42].

[4]     Amended Complaint ¶ 8.

[5]     *Id.* at ¶ 9.

his injuries and the physical limitations that they imposed; *e.g.*, reaching overhead and pulling or lifting certain amounts of weight.[6]  However, Defendants failed to accommodate the work restrictions prescribed by Trujillo's doctor and "mocked him" for his requests.[7]  Furthermore, Trujillo contends that Defendants suspended him for requesting intermittent leave to tend to his medical care.[8]

By that August, Defendants terminated Trujillo—which he believes was in retaliation for his requests for accommodation and complaints regarding his suspension.[9]  Trujillo contacted the Department of Fair Employment and Housing and received a Right to Sue Notice on August 21, 2020.[10]

**B.    Procedural History**

In September 2020, Trujillo filed a class-action complaint against Morgan Truck Body and Jordan in state court, entitled *Trujillo v. Morgan Truck Body, LLC dba Morgan Corporation*, Case No. RIC2003486 ("*Trujillo I*").[11]  Trujillo subsequently moved to voluntarily dismiss that class action without prejudice, which the court granted on July 30, 2021.[12]

On August 26, 2021, Trujillo filed a new complaint in the Riverside County Superior Court, in which he asserted seven claims for relief against Defendants:  (1) disability discrimination; (2) failure to accommodate; (3) failure to engage in the interactive process; (4) failure to provide medical leave;

---

[6]      *Id*. at ¶¶ 10-12.

[7]      *Id*. at ¶ 13; *see also id*. at ¶ 16.

[8]      *Id*. at ¶¶ 13 & 14.

[9]      *Id*. at ¶¶ 15 & 16.

[10]      *Id*. at ¶ 18.

[11]      *See* Defs.' Req. Judicial Notice in Opp'n to the Motion to Remand (the "RJN") [ECF No. 23], Ex. 1.  Because the exhibits are all court-related documents, the Court **GRANTS** the RJN pursuant to Rule 201 of the Federal Rules of Evidence.

[12]      *See* RJN, Ex. 2 & Ex. 3.

(5) retaliation; (6) wrongful termination; and (7) wrongful termination in violation of public policy.[13]  On November 4, Morgan Truck Body removed the action to this Court.[14]  Morgan Truck Body premised its removal on diversity jurisdiction, contending that fellow Defendant Thomas Jordan is a sham defendant brought into the lawsuit only for the purpose of destroying diversity.[15]

On December 9, 2021, Morgan Truck Body moved to dismiss the case.[16] The next day, Trujillo moved to remand the action to state court.[17]  While parties briefed both motions, Trujillo amended his complaint.[18]  Trujillo added a claim for harassment, intentional infliction of emotional distress, and whistleblower liability for retaliation in violation of Section 1102.5 of the California Labor Code.[19]  In view of that amendment, on January 3, 2022,[20] the Court denied Defendants' first motion to dismiss as moot and directed the parties to file supplemental briefing on the Motion to Remand.[21]  Morgan Truck Body provided its Supplemental Opposition on January 21, and Trujillo submitted his Supplemental Reply on January 27.

In parallel, Morgan Truck Body revived its motion to dismiss, moving once again to dismiss the complaint under Rule 12(b)(6)—and now moving to

---

[13]    *See generally* Complaint.
[14]    *See generally* Removal Notice.
[15]    *Id*. at ¶¶ 14-22.
[16]    *See* Defs.' Mot. to Dismiss [ECF No. 16].
[17]    *See generally* Motion to Remand.
[18]    *See generally* Amended Complaint.
[19]    *Id*. at ¶¶ 70-82 & 101-109.
[20]    Hereinafter, all dates are in 2022 unless otherwise specified.
[21]    Min. Order Re:  Briefing Schedule of Pl.'s Mot. to Remand [ECF No. 29] 2.

strike under Rule 12(f) as well.[22]  Trujillo opposed the instant Motion to Dismiss on January 21,[23] and Morgan Truck Body replied on January 28.[24]

## II.  LEGAL STANDARD

### A.    Remand

Federal courts are courts of limited jurisdiction.  Accordingly, "[t]hey possess only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks omitted).

To remove an action to federal court under 28 U.S.C. § 1441, the removing defendant "must demonstrate that original subject-matter jurisdiction lies in the federal courts."  *Syngenta*, 537 U.S. at 33.  As such, a defendant may remove civil actions where complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332. "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff."  *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008).

It should be noted the right to remove is not absolute, even where original jurisdiction exists.  In other words, the removing defendant bears the burden of establishing that removal is proper.  *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against

---

[22]    *See generally* Motion to Dismiss.

[23]    *See generally* Dismiss Opposition.

[24]    *See generally* Dismiss Reply.

1     removal jurisdiction means that the defendant always has the burden of

2     establishing that removal is proper." (quotation marks omitted)).  Any doubts

3     regarding the existence of subject matter jurisdiction must be resolved in favor

4     of remand.  *See id.* ("Federal jurisdiction must be rejected if there is any doubt

5     as to the right of removal in the first instance.").

6           In particular, a defendant asserting fraudulent joinder "carries the heavy

7     burden of establishing the absence of any possibility of recovery."  *Lighting Sci.*

8     *Grp. Corp. v. Koninklijke Philips Elecs. N.V.*, 624 F. Supp. 2d 1174, 1179

9     (E.D. Cal. 2008) (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir.

10    1998)).  "Remand must be granted unless the defendant establishes that there is

11    ***no possibility*** that the plaintiff could prevail on any cause of action it asserted

12    against the non-diverse defendant."  *Gonzalez v. J.S. Paluch Co.*, 2013 WL

13    100210, at *4 (C.D. Cal. Jan. 7, 2013) (emphasis added).

14    **B.**     **Rule 12(b)(6)**

15           Defendants move to dismiss Trujillo's Amended Complaint under

16    Rule 12(b)(6) of the Federal Rules of Civil Procedure.  A claim should be

17    dismissed under Rule 12(b)(6) where the plaintiff fails to assert a "cognizable

18    legal theory" or the complaint contains "[in]sufficient facts . . . to support a

19    cognizable legal theory."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

20    To survive a motion to dismiss, the complaint must allege "more than labels and

21    conclusions, and a formulaic recitation of the elements of a cause of action."

22    *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The claim must be pleaded

23    with "sufficient factual matter, accepted as true, to state a claim to relief that is

24    plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and that rises

25    "above the speculative level," *Twombly*, 550 U.S. at 555.  "A claim has facial

26    plausibility when the plaintiff pleads factual content that allows the court to

27    draw the reasonable inference that the defendant is liable for the misconduct

28    alleged."  *Iqbal*, 556 U.S. at 678.

1   Importantly, the Court must construe all factual allegations and "draw all
2   reasonable inferences from them *in favor of* the nonmoving party."  *Tinoco v.*
3   *San Diego Gas & Elec. Co.*, 327 F.R.D. 651, 656 (S.D. Cal. 2018) (emphasis
4   added) (quoting *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir.
5   1996)); *see also Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005).  "[A]
6   well-pleaded complaint may proceed even if it strikes a savvy judge that actual
7   proof of those facts is improbable, and that a recovery is very remote and
8   unlikely."  *Twombly*, 550 U.S. at 544 (internal quotations omitted).

9   Importantly here, "the test for fraudulent joinder and for failure to state a
10  claim under Rule 12(b)(6) are not equivalent."  *Grancare, LLC v. Thrower by &*
11  *through Mills*, 889 F.3d 543, 549 (9th Cir. 2018).  "Because the purpose of the
12  fraudulent joinder doctrine is to allow a determination whether the district court
13  has subject matter jurisdiction, the standard is similar to the "wholly
14  insubstantial and frivolous" standard for dismissing claims under Rule 12(b)(1)
15  for lack of federal question jurisdiction."  *Id.* (quoting *Bell v. Hood*, 327 U.S. 678,
16  682–83, (1946)).

17  **C.    Rule 12(f)**

18  Lastly, Defendants ask this Court to strike the Amended Complaint on
19  the basis of fraudulent joinder.[25]  "The court may strike from a pleading an
20  insufficient defense or any redundant, immaterial, impertinent, or scandalous
21  matter."  Fed. R. Civ. P. 12(f).  "The court may act:  (1) on its own; or (2) on
22  motion made by a party either before responding to the pleading or, if a response
23  is not allowed, within 21 days after being served with the pleading."  *Id.*

24  "The purpose[] of a Rule 12(f) motion is to avoid spending time and
25  money litigating spurious issues."  *Barnes v. AT & T Pension Ben. Plan-*
26  *Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010).  Motions to
27
28  [25]    Motion to Dismiss 19:13-23:8.

strike are generally disfavored, and they "only are appropriate when the movant can show that the challenged matter has no bearing on the subject matter of the litigation." *Sultan v. Medtronic Inc.*, 2011 WL 13131112, at *2 (C.D. Cal. Nov. 16, 2011).

## III. DISCUSSION

Before reaching the merits of the Motion to Dismiss or Defendants' request to strike the Amended Complaint, the Court must first evaluate whether it even has jurisdiction over the action. *See Grancare, LLC*, 889 F.3d at 549 ("A standard that equates fraudulent joinder with Rule 12(b)(6) conflates a jurisdictional inquiry with an adjudication on the merits."). As such, the Court will first evaluate the Motion to Remand to determine whether Trujillo could prevail on any claim for relief that he asserted against Jordan. *See Gonzalez*, 2013 WL 100210, at *4.

### A.   Motion to Remand

In his Motion to Remand, Trujillo does not contest that the citizenship of Morgan Truck Body or its members are completely diverse. Nor does Trujillo dispute that the amount in controversy exceeds the statutory threshold. Rather, Trujillo contends he can state a claim against, and may recover from, Jordan.[26] Because Jordan is domiciled in California,[27] his joinder would necessarily divest this Court of subject matter jurisdiction.

Trujillo would need only one viable claim for relief against Jordan. As such, the Court's inquiry begins and ends with Trujillo's sixth claim for relief for harassment under California's Fair Employment and Housing Act ("FEHA").[28]

---

[26]   Motion to Remand 5:16-13:4.

[27]   *Id.* at 5:26-6:1; Complaint ¶ 4; Amended Complaint ¶ 4; *see also* Removal Notice ¶¶ 14-32 (implicitly conceding that Jordan resides in California).

[28]   Amended Complaint ¶¶ 70-77.

1    The FEHA makes it illegal "[f]or an employer . . . or any other person" to
2  harass an employee "because of . . . physical disability." Cal. Gov't Code
3  § 12940(j)(1).  A disability harassment claim under the FEHA requires showing
4  "that the conduct complained of was severe enough or sufficiently pervasive to
5  alter the conditions of employment and create a work environment that qualifies
6  as hostile or abusive to employees because of their [disability]." *Cornell v.*
7  *Berkeley Tennis Club,* 18 Cal. App. 5th 908, 927 (2017) (internal quotations
8  omitted).

9    Defendants make two arguments against Trujillo's claim of harassment.
10  Their first argument is that Trujillo's initial complaint does not allege
11  sufficiently frequent, severe, and harassing conduct on the part of Jordan.[29]  But
12  the Court finds three flaws with this line of argument.

13    First, while neither the Complaint nor the Amended Complaint qualify as
14  illustrations of model pleading, a liberal construction of the Amended Complaint
15  suggests that there were multiple instances of harassment or ridicule.  *See*
16  Fed. R. Civ. P. 8(e); *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (holding that
17  a complaint is to be "liberally construed").  For example, Trujillo alleges that
18  the "harassment and retaliation only grew," implying that the harassment was
19  continuous and on-going rather than happening once on a one-off occasion.[30]

20    Second, California's legislature recently amended Section 12923 of the
21  Government Code to provide that "a single incident of harassing conduct is
22  sufficient to create a triable issue regarding the existence of a hostile work
23  environment if the harassing conduct has unreasonably interfered with the
24  plaintiff's work performance or created an intimidating, hostile, or offensive
25  working environment."  *See* Cal. Gov't Code § 12923(b).  Thus, even if there
26
27  ───────────────
28  [29]    Remand Opposition 10:21-22.
    [30]    *See, e.g.*, Amended Complaint ¶ 16.

-9-

was only one incident of harassment alleged, Trujillo could still have a viable claim in view of that guidance from California's legislature—especially since Trujillo's Amended Complaint implies that his suspension and the ridicule that he endured were linked.[31]

Third, the most fundamental flaw is that Defendants invite the Court to insert its own subjective viewpoint and to prejudge the severity of whatever "ridicule" Trujillo alleges that he suffered from Jordan and others.[32]  Making determinations on Trujillo's allegations, at this stage of the litigation, would be improper.  *See, e.g.*, *Nazir v. United Airlines, Inc.*, 178 Cal. App. 4th 243, 286 (2009) (noting that issues like hostile work environment are ones "not determinable on paper").  Even if the Court believed that the ridicule that Trujillo faced was insufficiently extreme or severe to be actionable, such a determination would still require making a judgment call—one where reasonable people could disagree.  In view of that possibility, it is too early to say, at the pleading stage, that Trujillo ***could not possibly*** recover on his harassment claim.

Defendants' second argument against the viability of Trujillo's harassment claim is that his Amended Complaint contradicts his initial Complaint.[33]  The Court finds this argument unpersuasive, as the Amended Complaint does not plainly contradict the allegations in the first.[34]  The Amended Complaint clarifies Trujillo's allegations, rather than making

---

[31]     *See, e.g.*, *id.* ¶ 13.

[32]     *Id.* at ¶ 16.

[33]     Motion to Dismiss 13:15-14:16; Supplemental Remand Opposition 5:1-6:13.

[34]     The statements are not facially inconsistent.  *Compare* Amended Complaint ¶ 4 ("Plaintiff is further informed and believes that JORDAN is or was the person in charge of Plaintiff's supervisors, all of whom were responsible for Plaintiff's harassment, retaliation, infliction of emotional distress, and termination, including JORDAN himself.") *with* Complaint ¶ 4 ("Plaintiff is further informed and believes that JORDAN is or was the person in charge of other employees responsible for Plaintiff's termination, including his supervisors.").

-10-

contradictory ones.[35]  Moreover, Defendants rely on *Ellingson v. Burlington N., Inc.*, 653 F.2d 1327, 1329 (9th Cir. 1981), for the proposition that contradictions in subsequent pleadings can demonstrate implausibility.[36]  But that case dealt with the Court's authority to strike pleadings under Rule 11, and it is no longer good law.  *See PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 859 n.3 (9th Cir. 2007) ("*Ellingson* is no longer good law after the amendment to Rule 11.").  As such, Trujillo's amendment to his pleadings is no bar to a potentially viable claim.

In conclusion, the Court finds that Trujillo has a potentially viable claim against Jordan, and, therefore, Jordan is not fraudulently joined.  "A defendant is not a fraudulently joined or sham defendant simply because the facts and law may further develop in a way that convinces the plaintiff to drop that defendant."  *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009).  And even if Trujillo's allegations do not pan out—as Defendants surmise they will not—a "plaintiff engaging in a common strategy of pleading broadly does not engage in a fraud or sham."  *Id.* at 1160.  Thus, the parties are not completely diverse, and the Court lacks jurisdiction over this lawsuit; the Court is compelled to **GRANT** the Motion to Remand.

**B.    Motion to Dismiss**

In addition to arguing why Jordan is not liable under various theories of liability, Defendants raise three other issues in their Motion to Dismiss:  (1) that Trujillo's claims are time-barred under the FEHA because he did not commence this action within one year of the date of his Right to Sue Notice,[37] *see*

---

[35]    A contradictory allegation would, in this instance, look like "Jordan was at all times the supervisor" and then, subsequently, "Jordan was not at all times the supervisor."

[36]    Motion to Dismiss 13:21-23.  Defendants also cite *Stanislaus Food Prod. Co. v. USS-POSCO Indus.*, 782 F. Supp. 2d 1059, 1075 (E.D. Cal. 2011), which itself cites *Ellingson*.

[37]    Motion to Dismiss 10:23-11:16.

Cal. Gov't Code § 12965(b); (2) that all of Trujillo's claims should be barred under the "claim-splitting" doctrine, *see United States v. Haytian Republic*, 154 U.S. 118, 125 (1894), because they should have been raised in his first lawsuit, *Trujillo I*;[38] and (3) that Trujillo should be estopped from arguing for any equitable tolling of the statute of limitations.[39]

Having found that it is possible that Trujillo might recover on at least one claim for relief against Jordan, thus divesting the Court of subject-matter jurisdiction, the Court cannot rule on these matters, even if they are meritorious and dispositive. Those matters may be properly raised and adjudicated in state court. The Motion to Dismiss is therefore **DENIED** as **moot**.

## C. Motion to Strike

Lastly, Defendants argue that 28 U.S.C. § 1447(e) should control the joinder of Jordan—which they say requires more exacting scrutiny for joinder than the liberal amending standard under Rule 15(a)—because Trujillo filed his Amended Complaint for the sole purpose of destroying diversity.[40] For that reason, Defendants say, Trujillo's Amended Complaint should be stricken because it is therefore (somehow) "redundant, immaterial, impertinent or scandalous."[41]

Again, not only does the Court lack jurisdiction to rule on any further procedural motions, such as a motion to strike, but the Court also finds that this argument is shaky. The removal statute provides that "if after removal the plaintiff seeks to join ***additional*** defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e) (emphasis added).

---

[38]     *Id.* at 11:17-12:15.
[39]     *Id.* at 12:16-13:10.
[40]     *Id.* at 19:25-20:9.
[41]     *Id.* at 19:22-23.

Defendants ignore that Jordan was included in the initial Complaint,[42] rather than joined after removal, so that section of the statute is plainly inapplicable.

The Motion to Strike is **DENIED** as **moot**.

## IV.  CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1.     The Court **GRANTS** the Request for Judicial Notice.

2.     The Court **GRANTS** the Motion to Remand and remands this action to the Riverside County Superior Court.

3.     The Court **DENIES** the Motion to Dismiss as **moot**.

4.     The Court **DENIES** the Motion to Strike as **moot**.

**IT IS SO ORDERED.**

Dated: February 14, 2022

_____
John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[42]     *See generally* Complaint.